IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2015


**MARCUS DEANGELO LEE v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Shelby County**
**Nos. 95-10473, 95-11561-62     James Lammey, Jr.,  Judge**

---

**No. W2014-00994-CCA-R3-CO  -  Filed May 13, 2015**

---


John Everett Williams, J., dissenting.

Something rather odd appears to be happening in this case and others similar to it. It appears that this defendant pled guilty to three offenses and received an agreed-to effective sentence of three years in December 1995. His sentences should have expired in December 1998. Yet this court has either denied or dismissed this defendant's challenges to his convictions in 2007, 2009, 2010, 2011, and 2012. And now in 2015, almost 20 years later, we feel obligated to set this defendant's convictions aside as illegal and allow him to withdraw his 1995 guilty pleas because he did not receive twice as much time in jail as he should have in 1995. What makes this case stranger is that it is not the State who is asking for relief; rather, the defendant complains that he did not get consecutive sentencing when he should have in 1995. It is a rare case indeed when a defendant complains about not getting more time in jail. If the defendant was seeking the remedy of serving additional jail time because the law required it at the time he pled guilty, I would be happy to oblige him. But he is not. He is attempting to have his conviction set aside and presumably to have a trial, whereupon if he is found guilty, he will have to do additional time to that ordered in 1995. What, if anything, has changed to allow such a seemingly absurd result to take place?


The majority feels compelled by case law and Tennessee Rule of Criminal Procedure 36.1 to allow this defendant to withdraw his 1995 guilty pleas. Adopted in 2013, Tennessee Rule of Criminal Procedure 36.1 contains no statute of limitations or limitations on the type of evidence that may be received in proving a conviction illegal.

1

Armed with Rule 36.1, defendants now seem to think they have been given new life in regard to attacking convictions that have long since expired.

In the past, similar types of attacks were made using the habeas corpus statute. As a result, the legislature in 2009 passed T. C. A. § 29-21-101(b)(1), which reads: persons restrained of their liberty, pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that: the petitioner received concurrent sentencing where there was a statutory requirements for consecutive sentencing.

The record in this case reveals that the trial judge accepted the agreement between the defendant and the State concerning three charges, and all sentences were running concurrently. I wish to note that the trial judge was never informed that the defendant was out on bond for the first offense when he committed the two other offenses. The trial judge could have searched the records himself to determine whether this defendant was out on bond at any time. I would suggest in the future in keeping with the majority opinion (in order to protect the judgment at hand), a trial judge should diligently seek to determine whether the defendant meets any criteria which would require the serving of his sentences consecutively. Should the trial judge accept an agreement between the State and the defendant without such an inquiry, then the conviction stands at risk forever, if Rule 36.1 allows for the relief this defendant now seeks.

There are an ever increasing number of these types of cases appearing in this court for review, and most involve federal prisoners collaterally attacking prior convictions. Rule 36.1 allows the State or the defendant to seek relief. I cannot imagine the outcry should the State start using Rule 36.1 to jail untold numbers of citizens that by all indications have completely served their sentences and are now being told, some 20 years later, that a mistake was made.

After studying the history, the case law, the statutes, and the rules, I conclude that Rule 36.1 was not intended to provide relief after the expiration of a sentence. The doctrine of mootness ensures that courts grant relief only when a live controversy is before the court. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Crim. App. 1994). "A case will generally be considered moot if it no longer serves as a means to provide relief for the prevailing party." *Id.* In *State v. Adrian R. Brown*, No. E2014-00673-CCA-

R3-CD, 2014 WL 5483011, at \*6 (Tenn. Crim. App. Oct. 29, 2014), the petitioner had served his sentence in its entirety, leading me to conclude that there was no available remedy and that the issue was moot. The same reasoning applies to the case at bar. The petitioner's sentence has been fully served and is expired. As a result, there is no longer a live controversy for which this court may grant relief. Therefore, I would dismiss the defendant's claim as his sentences have expired.

_____
JOHN EVERETT WILLIAMS, JUDGE

3